UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOROTHY HODGES, ) | |
| ) | |
| Plaintiff, ) | Case No. C09-1547-BAT |
| ) | |
| v. ) | **ORDER REGARDING** |
| ) | **DISCOVERY AND** |
| DELTA AIR LINES, INC., et al., ) | **CONFIDENTIALITY OF** |
| ) | **PASSENGER MANIFEST** |
| Defendants. ) | |

Plaintiff is an individual proceeding against defendants Delta Air Lines and AirServ Corporation.  She alleges she was injured while disembarking from a flight operated by Delta Air Lines with the assistance of AirServ employees.  Plaintiff has filed a motion to compel seeking production of (1) the passenger manifest from the flight in question and (2) the identity of the FAA inspector who was on the flight.  Dkt. 19.  Defendants oppose the motion and request fees.  Dkt. 21.  Having reviewed the pleadings of both parties and the relevant law, the Court hereby finds and **ORDERS** as follows:

I.  PLAINTIFF'S MOTION TO COMPEL

(1)   Plaintiff's motion to compel the identity of the FAA inspector is **DENIED**.  Defendants have produced the name of the inspector and stated that they have no contact information for him.  Dkt. 21 at 2.

ORDER REGARDING DISCOVERY AND CONFIDENTIALITY
OF PASSENGER MANIFEST- 1

1  (2) Plaintiff's motion to compel production of the passenger manifest is **GRANTED**.
2  Although the manifest itself may not be admissible at trial, the request for it is "reasonably
3  calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). Plaintiff has
4  presented declarations alleging there were passengers still on board her flight at the time she was
5  injured. It is reasonable to conclude that production of the manifest would allow plaintiff to
6  identify any passenger who might have witnessed her fall. Defendants have also presented
7  declarations to the effect that no passengers were present to witness the fall; however, that
8  argument wrongly asks this Court to decide disputed facts as part of the discovery process. The
9  Court therefore concludes that the passenger manifest is discoverable.

10  (3) Defendants' request for fees is **DENIED**.

## II.  PROTECTIVE ORDER

12  Recognizing that federal law limits the release of information contained in defendants'
13  passenger manifest the Court enters the following **ORDER**:

14  (1) Defendants are ordered to produce the manifest by May 28, 2010.

15  (2) The non-party passenger information to be produced by Delta Airlines shall be treated
16  as confidential and used only for the purposes of this litigation. Except upon the prior written
17  consent of Delta Airlines or upon order of this Court, the passenger information to be produced
18  by Delta Airlines in this litigation may be disclosed only to the following persons:

19  (a) Counsel of record for each party in this lawsuit, including other members of
20  counsel's law firms and any other counsel of record associated to assist in the preparation or trial
21  of this case;

22  (b) Employees of counsel of record who assist in the preparation or trial of this case;

23  (c) Experts, non-attorney consultants, and other persons retained by the parties to

ORDER REGARDING DISCOVERY AND CONFIDENTIALITY
OF PASSENGER MANIFEST- 2

assist in the preparation of this action retained to this litigation for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Delta Airlines;

    (d)  Any party to this litigation;

    (e)  Any mediator(s) retained by the parties to assist with the potential settlement of this lawsuit; and

    (f)  The Court and its staff.

(3)  No party, nor that party's counsel or experts or any other person retained by the party to assist in the preparation of this action shall under any circumstances sell, share, advertise, or publicize the non-party passenger information to be produced by Delta Airlines in this litigation.

(4)  This Order may not be waived modified, abandoned, or terminated, in whole or in part, except by an instrument in writing signed by the parties and approved by the Court.  If any provision of this Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

(5)  The Court retains jurisdiction over the parties and recipients of the Protected Documents for the enforcement of the provisions of this Order following termination of this litigation.

The Clerk is directed to send copies of this order to all parties of record.

DATED this 17th day of May, 2010.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REGARDING DISCOVERY AND CONFIDENTIALITY
OF PASSENGER MANIFEST- 3