UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOROTHY HODGES, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DELTA AIR LINES, INC., a Delaware ) <br> Corporation and AIRSERV CORP., a Georgia ) <br> Corporation, ) <br> ) <br> Defendants. ) | Case No. C09-1547-BAT <br><br> **ORDER ON CHOICE OF LAW AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is defendants' Motion for Summary Judgment. Dkt. 50. Plaintiff filed a Response as well as a Surreply. Dkts. 55, 63. By order of the Court, the parties submitted additional briefing regarding choice of law issues. Dkts. 69, 71. The Court, having considered the motion and the balance of the record **ORDERS**, defendants' Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part.

## *BACKGROUND*

The parties appear to substantially agree on the underlying facts giving rise to Dorothy Hodges' claim against defendants, Delta Air Lines (Delta) and AirServ. Plaintiff claims defendants were negligent in assisting her deplaning from a Delta flight. Plaintiff suffered personal injuries from this incident. Plaintiff further asserts claims for breach of contract and

ORDER ON CHOICE OF LAW AND DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 1

1 violation of the Washington Consumer Protection Act (CPA).  Defendants contend that summary

2 judgment on this matter is appropriate because plaintiff's negligence and consumer protection

3 claims are preempted by federal law, and plaintiff failed to produce any facts to support her

4 breach of contract claim.  Dkt. 50 at 1-2.

5 Plaintiff alleges that prior to making flight reservations on December 26, 2008, her

6 daughter, Deborah Hodges, contacted Delta to inquire about transporting plaintiff, an elderly,

7 overweight, diabetic, right-leg amputee.  Dkt. 2 at 3-4.  According to plaintiff, Delta provided

8 assurances to plaintiff's daughter that Delta could transport plaintiff, including the provision of

9 mobility services to assist enplaning and deplaning.  *Id.* at 3.  However, Delta did not disclose

10 that AirServe, a Delta contractor, would be providing the mobility services—the fact giving rise

11 to plaintiff's CPA claim.  *Id.* at 4.  On January 19, 2009, plaintiff's daughter purchased tickets

12 from Delta to transport her and plaintiff from Savannah, Georgia, to Seattle, Washington.  *Id.* at

13 3.  On January 22, 2009, plaintiff and her daughter flew from Savannah to Atlanta, en route to

14 Seattle.  *Id.* at 4.  When the plane landed in Atlanta, plaintiff waited for all the other passengers

15 to deplane, then two of AirServ's employees boarded the plane to assist plaintiff by moving her

16 from her seat to a wheelchair.  *Id.* at 5.  Plaintiff was then injured when she fell from the

17 wheelchair as the AirServ employees pushed her down the aisle of the Delta aircraft.[1]  Dkt. 55 at

18 2. Plaintiff's claims for breach of contract and negligence spring from this incident.

19 ***DISCUSSION***

20 **A.   *Legal Standard***

21 Summary judgment is proper where the pleadings, discovery and affidavits show that

22 there is "no genuine issue as to any material fact and that the moving party is entitled to

---

23 [1] The Court notes the parties appear to dispute that exact circumstances of plaintiff's fall from the wheelchair, however those facts are not at issue in the instant Motion for Summary Judgment.

ORDER ON CHOICE OF LAW AND DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 2

judgment as a matter of law." Fed. R. Civ. P. 56(c).[2]  Material facts are those which may affect the outcome of the case.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Carrett,* 477 U.S. 317, 322-23 (1986); *Nissan v. Fire & Marine Ins. Co.,* 210 F.3d 1099, 1102 (9th Cir. 2000).  Summary judgment for a defendant is appropriate when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.,* 477 U.S. at 322.  If the moving party meets its burden, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial.  *Cline v. Indus. Maint. Eng'g. & Contracting Co.,* 200 F.3d 1223, 1229 (9th Cir. 2000) (citing *Celotex Corp.* 477 U.S. at 323-24).  In reviewing a summary judgment motion, the Court must resolve any doubt as to genuine issues of material fact in favor of the nonmoving party.  *Dreiling v. America Online, Inc.,* 578 F.3d 995, 1000 (9th Cir. 2009).

**B.      *Federal Preemption of Plaintiff's State Law Negligence Claim***

Defendants argue plaintiff's negligence claim, which is based on the common carrier's duty to exercise the highest standard of care, is preempted by federal law and should thus be dismissed on summary judgment. Dkt. 50 at 5.  First, defendants argue the applicable standard of care is the federal standard promulgated under the Federal Aviation Act (FAA), 49 U.S.C. § 40101 et seq. and its implementing regulations, which is the duty not to operate an aircraft in a

---

[2] The Court notes Federal Rule of Civil Procedure 56 was amended in 2010, and the amended version of the rule became effective on December 1, 2010.  As defendants relied upon the prior version of the rule, which was in effect at the time they filed the instant motion, and because the amendments appear to have no effect on the Court's disposition of the instant motion, the Court cites to the prior version of the rule in issuing this Order.

ORDER ON CHOICE OF LAW AND DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 3

"careless or reckless" manner. 14 C.F.R. § 91.13(a). Second, defendants argue plaintiff's claims are preempted because she did not exhaust administrative remedies under the Air Carrier Access Act (ACAA), 49 U.S.C. § 41705 et seq., which, defendants contend, solely regulates the interaction between air carriers and disabled passengers. Dkt. 50 at 6. Based upon controlling precedent, persuasive legal opinions and the applicable statutory and regulatory schemes, the Court disagrees.

Clearly, Congress has the power to preempt state law. U.S. Const. Art. VI, cl. 2; *Cipollone v. Liggett Group Inc.,* 505 U.S. 504, 516 (1992). However, the Court must also begin with the assumption that Congress does not "cavalierly" preempt state law causes of action. *Charas v. Trans World Airlines, Inc.,* 160 F.3d 1259, 1265 (1998) (citing *Medtronic, Inc. v. Lohr,* 518 U.S. 470, 485 (1996); *see also Wyeth v. Levine,* 129 S. Ct. 1187, 1194 (2009).

> [I]n all pre-emption cases, and particularly in those in which Congress has "legislated . . . in a field which the States have traditionally occupied," . . . we "start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress."

*Wyeth,* 129 S. Ct. at 1194-95 (quoting *Medtronic, Inc.,* 518 U.S. at 485).[3]

Federal preemption may arise expressly or impliedly. *Cipollone,* 505 U.S. at 516. Nothing in the FAA or the ACAA expressly preempts state regulation, thus preemption, if any,

---

[3] Defendants distinguish *Wyeth* on its facts, and appear to argue that the "presumption against preemption" may not be valid reasoning in the instant case. Dkt. 61 at 8-9. In support of this contention, defendants cite to a footnote in a First Circuit case noting that the circumstances in which the presumption applies "are not altogether clear." *New Hampshire Motor Transport Ass'n v. Rowe,* 448 F.3d 66, 74 n.10 (1st Cir. 2006). The only indication that the presumption might not apply is when the states legislate in an area where there is a history of significant federal presence. *See U.S. v. Locke,* 529 U.S. 89 (2000). Here, the Court finds the "presumption against preemption" is the proper starting point for a preemption analysis conducted under the Supremacy Clause. *See Gonzalez v. Arizona,* 624 F.3d 1162, 1174 (9th Cir. 2010). The Supreme Court's holding in *U.S. v. Locke* appears inapplicable here because tort law is historically occupied by the states.

ORDER ON CHOICE OF LAW AND DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 4

must be implied by federal regulation of the field. *Martin v. Midwest Express Holdings, Inc.,* 555 F.3d 806, 812 (9th Cir. 2009). Field preemption occurs when Congress indicates in some manner an intent to occupy a given field to the exclusion of state law. *Cipollone,* 505 U.S. at 516. The comprehensiveness of the statute as well as the pervasiveness of the regulations enacted pursuant to the relevant statute provide evidence of preemptive intent. *Montalvo v. Spirit Airlines,* 508 F.3d 464, 470 (2007).

With respect to cases relating to aviation, the circuits have generally analyzed preemption under the FAA "by looking to the pervasiveness of federal regulations in the specific area covered by the tort claim or state law at issue. Claims regarding airspace management, pilot qualifications and failure to warn have been declared preempted." *Martin,* 555 F.3d at 809. "[W]hen an agency administrator promulgates pervasive regulations pursuant to his Congressional authority, we may infer a preemptive intent unless it appears from the underlying statute or its legislative history that Congress would not have sanctioned preemption." *Montalvo,* 508 F.3d at 471 (citing *R.J. Reynolds Tobacco Co. v. Durham County,* 479 U.S. 130, 149 (1986)). Hence, "Understanding the objective of th[e] legislation is critical to interpreting the extent of its preemption." *Charas*, 160 F.3d at 1265.

However, the FAA contains no express preemption clause and displays intent to preserve state tort remedies. *Martin,* 555 F.3d at 812. Further, the FAA did not create, nor did it contemplate creating one general federal standard of care for airplane personal injury actions. *Id.* at 811. In areas without pervasive regulations or other grounds for preemption, the state standard of care remains applicable. *Id.*

Here, the Court is guided both by the Ninth Circuit's holding in *Martin* and by the Third Circuit's reasoning in *Elassaad v. Independence Air,* 613 F.3d 119 (3rd Cir. 2010) (specifically

ORDER ON CHOICE OF LAW AND DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 5

addressing preemption of state tort claims by the ACAA). Defendants rely heavily on *Russell v. Skywest Airlines, Inc.,* 2010 WL 2867123 (N.D. Cal.) in arguing for federal preemption of state tort causes of action by the FAA and ACAA. However, *Russell* is not binding on this Court, and in this Court's view, *Russell* conflicts with the Ninth Circuit's holding in *Martin*. The Court thus disregards *Russell*. The Court is unpersuaded that a federal standard of care applies to this claim or that the ACAA imposes an obligation on plaintiff to exhaust administrative remedies.

In *Elassaad*, the Third Circuit engaged in extensive statutory analysis in determining that the FAA and implementing regulations did not specifically regulate "the conduct of the crew in connection with the loading and unloading of passengers . . . ." *Elassaad,* 613 F.3d at 128-29. Rather, it held the primary purpose of the FAA was to prevent accidents and promote passenger safety *in flight*. *Id.* The Third Circuit held the standard of care set forth in 14 C.F.R. § 91.13 did not control when the plane has finished taxiing to the gate, the aircraft doors were open and passengers were disembarking. *Elassaad,* 613 F.3d at 130-31.

Defendants argue *Elassaad* is distinguishable on its facts because the disabled plaintiff in that case did not ask for assistance while plaintiff in the instant case was injured while receiving assistance deplaning. However, the Court finds the reasoning in *Elassaad* is sound and aligned with relevant Ninth Circuit precedent. The standard of care set forth in the federal regulations hinges on the term "operate." *See* 14 C.F.R. § 91.13. The regulation provides, "no person may *operate* an aircraft in a careless or reckless manner." *Id.* (emphasis added). Once the aircraft is parked at the gate with the doors open, the crew is no longer "operating" the aircraft. *Elassaad,* 613 F.3d at 130-31. Certainly, AirServ's employees, who boarded the aircraft after it was stopped and all the other passengers had deplaned could not be considered as "operating" the aircraft in this case. As the Third Circuit provided, "there is no indication that either Congress or

ORDER ON CHOICE OF LAW AND DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 6

the FAA intended that federal law would impose a legal duty in an area that is neither specifically regulated by federal law nor clearly governed by a general federal standard of care: the assistance provided to passengers during their disembarkation." *Id.* at 131. The federal standard of care thus does not preempt plaintiff's negligence claim.

Defendants further argue that because the ACAA fully occupies the field of airline safety as it relates to assisting disabled passengers that plaintiff failed to exhaust her administrative remedies under the ACAA and thus her complaint must be dismissed. Dkt. 50 at 8. The Court disagrees. Again, *Elasaad* is instructive as the Third Circuit determined the ACAA did not independently preempt the disabled passenger's negligence claim. *Elassaad,* 613 F.3d at 131. "It is clear that the ACAA is aimed at ensuring respect and equal treatment for disabled airline passengers." *Id.* at 132. "In light of the purposes of the ACAA and its implementing regulations, we are not persuaded that they preempt state law through either field preemption or conflict preemption." *Id.* The Third Circuit thus held federal preemption did not apply because congress did not display "clear and manifest" intent to supersede any relevant state tort law or to "leave[e] no room for state regulation." *Id.* (internal citations omitted). Here, the ACAA does not independently preempt plaintiff's negligence claim, and she is not obliged to seek administrative remedies before she can have her day in court. The ACAA, 49 U.S.C. § 41704, and its enacting regulations 14 C.F.R. §§ 382.1 et seq., were designed to prevent discrimination against disabled passengers. *Elassaad,* 613 F.3d at 131-32. While the ACAA contains pervasive regulations, these regulations target the interaction between airlines and disabled passengers, "ensuring that services, facilities, and other accommodations are provided to passengers with disabilities in a respectful and helpful manner.'" *Id.* at 131 (citing Nondiscrimination on the Basis of Disability in Air Travel, 70 Fed.Reg. 41,482, 41,504 (July 19, 2005)).

ORDER ON CHOICE OF LAW AND DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 7

The regulations do not, however, appear to pervasively regulate the incident that occurred here. The ACAA regulations say nothing about how to move a disabled passenger from a plane seat to a wheelchair, how many people must assist the passenger, whether the passenger must be buckled in to the wheelchair, and the like. *See* 14 C.F.R. §§ 382.1 et seq. Because the regulations leave such issues open, federal law cannot possibly preempt all state tort claims in this area.[4] Here, the Court does not find "clear and manifest intent" of Congress to preempt state law. The ACAA thus should not be viewed as imposing any obligation on plaintiff to seek administrative remedies. Based upon the foregoing, defendants' Motion for Summary Judgment is **DENIED** with respect to federal preemption of plaintiff's negligence claim.

C.   *Choice of State Law*

Plaintiff's negligence claim may proceed applying the Washington State standard of care. In a suit brought under the Court's diversity jurisdiction, the Court must determine whether to apply the law of the forum, Washington law, or the law of another state. *See Kohlrautz v. Oilmen Participation Corp.,* 441 F.3d 827, 833 (9th Cir.2006). Because plaintiff was injured in Georgia, the Court ordered the parties to submit supplemental briefing as to which state's law properly applies to the instant case in the absence of federal preemption. Plaintiff indicated that under the laws of both Washington and Georgia, a common carrier has a heightened standard of care and thus the laws presented a "false conflict" with respect to the elements of her negligence claim. Dkt. 69 at 5.   As defendants do not dispute this contention, the Court concludes there is no actual dispute as to the elements of the negligence claim and that Washington law should apply. *See Seizer v. Sessions,* 132 Wash.2d 642, 648 (1997).

---

[4] *Cf. Martin,* 555 F.3d at 812 (finding the FAA did not preempt state law claim regarding defective design of stairs to exit a small aircraft. The Ninth Circuit determined the federal regulations were not pervasive enough to preempt all claims relating to the design of airstairs).

ORDER ON CHOICE OF LAW AND DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 8

In their supplemental briefing, the parties indicated that the laws of Georgia and Washington differ regarding punitive damages and comparative fault. *See* Dkts. 69, 71. The Court reserves determination on any other choice of law issues at this time.

### D.     *Plaintiff's Consumer Protection Claim*

Plaintiff alleges Delta violated Washington's CPA, RCW 19.86 et seq., because Delta did not inform her that defendant AirServ would actually be the one to provide mobility assistance to her. Plaintiff contends this is a deceptive business practice prohibited by the CPA. Defendants contend this claim is expressly preempted by the Airline Deregulation Act of 1978 (ADA). Defendants rely on *Am. Airlines v. Wolens,* 513 U.S. 219 (1995) to support this proposition. In *Wolens,* the Supreme Court recognized the effect of the ADA's express preemption clause,[5] which prohibits states from making laws "relating to rates, routes, or services of any air carrier." *Id.* at 226-27. The Supreme Court found the ADA preempted a claim against the airline alleging violation of the Illinois Consumer Fraud Act for changing the terms of its frequent flier program. *Id.* at 226. The Supreme Court noted state consumer protection legislation had the potential to become intrusive regulation on airlines and as such was counter to the ADA's goal of economic deregulation. *Id.* at 227-28. The Supreme Court thus drew a distinction between actions seeking to enforce an airline's self-imposed obligations to customers and actions seeking to enlarge or otherwise change the parties' bargain through the application of state law. *Id.* at 232-33. The Supreme Court thus held the ADA's preemption clause prevented states from imposing their own substantive standards with respect to an airline's rates, routes, or services. *Id.* at 232-33.

---

[5] The Supreme Court analyzed the language of 49 U.S.C. App. §1305, which was later recodified. The express preemption language now at issue is contained in 49 U.S.C. § 41713. When Congress reenacted the preemption provision in 49 U.S.C. § 41713, it intended to make no substantive change. *Wolens,* 513 U.S. at 222-23 and n. 1 (citing Pub.L. 103-272, § 1(a), 108 Stat. 745).

ORDER ON CHOICE OF LAW AND DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 9

*Wolens* must be read in conjunction with relevant Ninth Circuit precedent. In *Charas,* the Ninth Circuit held that in enacting the ADA's preemption clause, Congress intended to preempt only state law claims that would adversely affect the economic deregulation of the airlines and the forces of competition within the airline industry. *Charas,* 160 F.3d at 1261. The Ninth Circuit thus held the term "service" used in the ADA's preemption clause referred to "prices, schedules, origins and destinations of the point-to-point transportation of passengers, cargo, or mail," but not the airline's provision of personal assistance to passengers. *Id.* at 1261.

The heart of plaintiff's CPA claim relates not to the assistance provided to her by Delta, but to her allegation that she was deceived because Delta subcontracted mobility service responsibilities to AirServ. Allowing a state CPA claim against an airline for engaging in subcontracting would seem to cut against the economic deregulation goals of the ADA. Essentially, plaintiff appears to be attempting to use the CPA to enlarge her agreement with Delta by using state law to prohibit Delta from engaging in subcontracting, or by forcing Delta to disclose all subcontracting activities—such a claim is counter to the Supreme Court's holding in *Wolens*. Defendants' Motion for Summary Judgment is thus **GRANTED** as to dismissal of plaintiff's CPA claim. Plaintiff's CPA claim is dismissed on the basis of federal preemption. Fed. R. Civ. P. 56(c)(2).

E.   *Breach of Contract*

Defendants contend plaintiff's claim for breach of contract is meritless and cannot withstand summary judgment. Plaintiff alleges she contracted with Delta for special assistance in embarking and disembarking from her flights. Dkt. 55 at 24. She alleges Delta did not assist her, AirServ partially assisted her, failed to transport her safely, and that Delta concealed that its agent, AirServ, would actually be responsible for rendering assistance to plaintiff. *Id.*

For the duration of this litigation, plaintiff's breach of contract claim has been somewhat ethereal. She seems to allege that a contract to "safely" transport her was created when plaintiff's daughter, Deborah Hodges, contacted Delta regarding transporting her mother. Dkt. 2 at 5, 9. In support of this argument she alleges that the person with whom Deborah Hodges spoke assured her that Delta was "the airline of choice" for disabled passengers. Dkt. 55 at 24; Dkt. 56 at 2. She also submitted a brochure printed by Delta regarding its services for disabled passengers. Dkt. 57, Ex. F. First, the Court notes, Deborah Hodges is not a party to this action. Plaintiff does not appear to allege that Deborah Hodges was acting as her agent or had authority to bind her in contract. Second, plaintiff has submitted no evidence that the unknown person at Delta with whom Deborah Hodges spoke had authority to bind Delta in a contract for "safe" transport. *See* Dkt. 51 at 24, Rule 1(Delta Contract of Carriage: Rule 1, section D.2. provides that Delta employees and ticketing agents do not have authority to modify any provision of the Conditions of Carriage). This alleged breach of contract claim conflates tort duties with the existence of a contract. This result does not appear supported by the law and plaintiff presents nothing to the contrary. As defendants correctly argue, the parties' contract was to transport plaintiff from Savannah, Georgia to Seattle, Washington. This contract was later performed. Dkt. 50 at 10.

Summary judgment for a defendant is appropriate when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322. Plaintiff "must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "In order to raise a 'genuine' issue of fact the 'evidence [must be] such that a reasonable [judge or] jury could return a verdict

ORDER ON CHOICE OF LAW AND DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 11

for the nonmoving party.'" *Cline,* 200 F.3d at 1229 (citing *Anderson,* 477 U.S. at 248). Plaintiff failed to establish the existence of a contract with Delta to "safely" transport her. There are no disputed facts regarding this issue and the law does not support plaintiff's position. Plaintiff's breach of contract claim cannot withstand summary judgment when she failed to provide sufficient evidence to create a genuine issue of material fact in support of this claim. Because plaintiff has failed to establish a contract for "safe" transport existed, defendants' Motion for Summary Judgment is **GRANTED**. Fed. R. Civ. P. 56(c)(2). Plaintiff's breach of contract claim is thus dismissed.

## *CONCLUSION*

Accordingly, defendants' Motion for Summary Judgment (Dkt. 50) is **GRANTED** as to the CPA and breach of contract claims and **DENIED** as to the negligence claim. The Court also finds plaintiff's negligence claim may proceed applying the Washington State standard of care. The Court reserves determination of any other choice of law issues such as punitive damages and comparative fault.

DATED this 29th day of December, 2010.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER ON CHOICE OF LAW AND DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 12